IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER, a not-for-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>PRINCE GEORGE'S COUNTY, MARYLAND, et al.<br><br>Defendants. | Case No.: 8:20-cv-00379-PX |

**OPPOSITION TO DEFENDANT MARY LOU MCDONOUGH'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

**P**AGE(S)

TABLE OF AUTHORITIES ..................................................................................................... ii

I. PRELIMINARY STATEMENT ................................................................................. 1

II. LEGAL STANDARD .................................................................................. 2

III. ARGUMENT ............................................................................................................. 2

    A. Defendant McDonough Is Not Entitled to Qualified Immunity. .................... 2

    B. Prince George's County, Maryland Should Not Be Substituted as the Real Party in Interest Because McDonough Was Sued In Both Her Individual and Official Capacity ...................................................................... 7

IV. CONCLUSION ........................................................................................... 9

4817-1090-4253v.1 0200513-000027

# TABLE OF AUTHORITIES

PAGE(S)

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................2

*Beard v. Banks*,
    548 U.S. 521 (2006)..................................................................................................6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................2

*Booker v. S.C. Dep't of Corr.*,
    855 F.3d 533 (4th Cir. 2017)....................................................................................3

*Brandon v. Holt*,
    469 U.S. 464 (1985)..................................................................................................8

*Chase v. City of Portsmouth*,
    428 F. Supp. 2d 487 (E.D. Va. 2006) ...................................................................8, 9

*DePaola v. Clarke*,
    884 F.3d 481 (4th Cir. 2018) ....................................................................................2

*E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*,
    637 F.3d 435 (4th Cir. 2011) ....................................................................................8

*Feminist Majority Found. v. Hurley*,
    911 F.3d 674 (4th Cir. 2018) ....................................................................................5

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982)..................................................................................................3

*Hope v. Pelzer*,
    536 U.S. 730 (2002)..................................................................................................3

*Human Rights Def. Ctr. v. Sw. Va. Reg'l Jail Auth.*,
    396 F. Supp. 3d 607 (W.D. Va. 2019) ..................................................................3, 6

*Kincaid v. Rusk*,
    670 F.2d 737 (7th Cir. 1982) ....................................................................................5

*King v. Rubenstein*,
    825 F.3d 206 (4th Cir. 2016) ....................................................................................2

*Lovelace v. Lee*,
   472 F.3d 174 (4th Cir. 2006) ...................................................................................................4

*Mann v. Smith*,
   796 F.2d 79 (5th Cir. 1986) .....................................................................................................5

*Montcalm v. Publ'g Corp. v. Beck*,
   80 F.3d 105 (4th Cir. 1996) ..................................................................................................3, 4

*Owens v. Balt. City State's Attys. Office*,
   767 F.3d 379 (4th Cir. 2014) ................................................................................................2, 8

*Pearson v. Callahan*,
   555 U.S. 212 (2012)..................................................................................................................7

*Pearson v. Callahan*,
   555 U.S. 223 (2009)..............................................................................................................1, 3

*Prison Legal News v. Babeu*,
   933 F. Supp. 2d 1188 (D. Ariz. 2013) .....................................................................................5

*Procunier v. Martinez*,
   416 U.S. 396 (1974)..................................................................................................................4

*Robles v. Prince George's Cty.*,
   302 F.3d 262 (4th Cir. 2002) ...................................................................................................3

*Snowden v. Prince George's Cty. Dep't of Corr.*,
   2018 WL 3862253 (D. Md. Aug. 14, 2018) ...........................................................................7

*Thomas v. Leslie*,
   176 F.3d 489 (10th Cir. 1999) .................................................................................................5

*Thornburgh v. Abbott*,
   490 U.S. 401 (1989)........................................................................................................3, 4, 5, 6

*Turner v. Safley*,
   482 U.S. 78 (1987)....................................................................................................................4

*Wall v. Wade*,
   741 F.3d 492 (4th Cir. 2014) ...................................................................................................4

*Wilson v. Kittoe*,
   337 F.3d 392 (4th Cir. 2003) ...................................................................................................3

*Wright v. Collins*,
   766 F.2d 841 (4th Cir. 1985) ...................................................................................................7

**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. I ................................................................................................................ *passim*

U.S. Const. amend. XIV ....................................................................................................................4

**STATUTES**

42 U.S.C. § 1983................................................................................................................................7

**RULES**

Federal Rules of Civil Procedure Rule 12(b)(6) ...............................................................................8

4817-1090-4253v.1 0200513-000027

Plaintiff Human Rights Defense Center ("HRDC"), by and through undersigned counsel, hereby submits this Opposition to Defendant Mary Lou McDonough's ("McDonough") Motion to Dismiss.[1]

## I. PRELIMINARY STATEMENT

Defendant McDonough has not provided any valid reason why HRDC's First Amendment claim should be dismissed against her, or why substitution of Defendant Prince George's County, Maryland (the "County") is warranted. First, McDonough has not established she is entitled to qualified immunity because her conduct violated HRDC's "clearly established" First Amendment rights, of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Second, McDonough has been sued in both her individual and official capacities, and therefore it is not proper to substitute the County as a Defendant. To do so would be particularly inappropriate where, as here, Defendants appear only to deny that the Inmate Mail Policy ("Mail Policy") is unconstitutional, but do not deny that McDonough is responsible for or personally participated in creating and implementing the policies, practices, and customs of the Jail, or for ratifying or adopting them. (*Compare* ECF 1 ¶ 27, *with* ECF 20 ¶ 27.)

HRDC has adequately pled that Defendants, including Defendant McDonough, refuse to deliver books, magazines, and letters sent by HRDC to persons incarcerated in the Prince George's County Correctional Center (the "Jail"), and that they have failed to provide HRDC with adequate notice and an opportunity to challenge these censorship decisions, in violation of

---

[1] Of note, Defendant McDonough's Motion to Dismiss was untimely. Defendants' response to the Complaint was due on May 8, 2020, yet Defendants did not file this Motion until May 9, 2020. Although just a day late, Defendants should have had ample time to prepare their response since they had already received two extensions. Defendants' response to the Complaint was originally due March 6, 2020. On March 5, 2020, Defendants requested an additional 21 days in which to respond, which HRDC granted. Then, as a result of this Court's COVID-19 Orders and Procedures, Defendants' deadline was further extended until May 8, 2020.

HRDC's free speech and due process rights.  With respect to Defendant McDonough in particular, HRDC has plausibly alleged she is the Director of the Jail; that she is employed by and is an agent of Defendant Prince George's County, Maryland; that she has ultimate responsibility for the promulgation and enforcement of all Jail policies, practices, and procedures; and that she is responsible for the overall management of the Jail, including the policies, practices, and procedures relating to mail and the reading material that is available to prisoners.  (ECF 1 ¶ 9.)  This is sufficient to survive a 12(b)(6) motion to dismiss.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.").

## II. LEGAL STANDARD

"To survive a motion to dismiss, each claim asserted in a complaint must set forth sufficient facts to state a claim that is facially plausible." *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) (citing *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016); *Twombly*, 550 U.S. at 570).  In reviewing McDonough's Motion, the Court must "accept as true the factual allegations in [HRDC's] complaint and draw reasonable inferences therefrom in [its] favor." *DePaola*, 884 F.3d 484.  "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Balt. City State's Attys. Office*, 767 F.3d 379, 388 (4th Cir. 2014) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

## III. ARGUMENT

### A. Defendant McDonough Is Not Entitled to Qualified Immunity.

Defendant McDonough's qualified immunity defense fails because her policy decisions violated clearly established law.  "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly

established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson*, 555 U.S. 231 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Fourth Circuit has explained that the "clearly established law" requirement "does not require that the 'very action in question has previously been held unlawful.'" *Robles v. Prince George's Cty.*, 302 F.3d 262, 270 (4th Cir. 2002) (citation omitted). Rather, defendants "'can still be on notice that their conduct violates established law even in novel factual circumstances,' so long as the law provided 'fair warning' that their conduct was unconstitutional." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 538 (4th Cir. 2017) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)). "The burden of proof and persuasion with respect to a claim of qualified immunity is on the defendant official." *Wilson v. Kittoe*, 337 F.3d 392, 397 (4th Cir. 2003). It is clearly established that the First Amendment protects publishers' right to send publications to prisoners, and that a Mail Policy as restrictive as the Jail's is unconstitutional. Because McDonough violated these clearly established principles, she cannot claim qualified immunity.[2]

Outside publishers have a clearly established First Amendment interest in communicating with prisoners. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). Both the Supreme Court and Fourth Circuit have stated that "censorship of inmate mail—whether the inmate writes or receives it—'works a consequential restriction on the First and Fourteenth Amendment rights of

---

[2] McDonough does not argue she is entitled to qualified immunity from HRDC's Due Process claim. Nor could she plausibly make this assertion. In the Fourth Circuit, due process requires that "publishers are entitled to notice and an opportunity to be heard when their publications are disapproved for receipt by inmate subscribers." *Montcalm v. Publ'g Corp. v. Beck*, 80 F.3d 105, 106 (4th Cir. 1996); *see also Human Rights Def. Ctr. v. Sw. Va. Reg'l Jail Auth.*, 396 F. Supp. 3d 607, 621, 626 (W.D. Va. 2019) (concluding Jail Authority superintendent "violated HRDC's clearly established right to notice and an opportunity to be heard regarding the rejection of its mailings, and he is not entitled to qualified immunity on the due process claim"). Defendants admit they have failed to provide HRDC with adequate notice and an opportunity to challenge their censorship decisions, in violation of HRDC's Constitutional free-speech and due process rights. (ECF 20 ¶ 42) ("Defendant admits that its previous practice of not following its Inmate Mail Policy failed to provide Plaintiff with detailed notice or opportunity to be heard . . . .").

3

those who are not prisoners.'" *Montcalm*, 80 F.3d at 107-08 (quoting *Procunier v. Martinez*, 416 U.S. 396, 409 (1974), *overruled in part on other grounds by Thornburgh*, 490 U.S. at 413–14). Although that interest is subject to the four-factor test established by *Turner v. Safley*, 482 U.S. 78 (1987), qualified immunity does not necessarily follow in every case where *Turner* applies.

For instance, in *Wall v. Wade*, 741 F.3d 492, 502-03 (4th Cir. 2014), the Fourth Circuit held that when a prisoner's underlying right "was clearly established, and when the defendants abridged this right without first satisfying *Turner*'s reasonableness test," they could not claim qualified immunity. *Id*. at 502. That the First Amendment right at issue in *Wall* concerned prison officials' interference with an inmate's rights under the First Amendment's Free Exercise Clause, rather than First Amendment free speech rights, does not change the underlying analysis. Rather, in light of the Supreme Court's unequivocal statement in *Thornburgh* that "there is no question that publishers who wish to communicate with those who . . . willingly seek their point of view have a legitimate First Amendment interest in access to prisoners," *Thornburgh*, 490 U.S. at 408, courts "need not to have previously passed judgment on the appropriateness of [a specific policy] in order to demand that prison officials act reasonably in administering that right" – or to hold them accountable when they fail that test of reasonableness. *Wall*, 741 F.3d at 503.

Defendants, including McDonough, were on notice that HRDC's First Amendment rights could only be restricted by a policy with a rational and reasonable connection to a legitimate penological interest. *Turner*, 482 U.S. at 89; *Lovelace v. Lee*, 472 F.3d 174, 200 (4th Cir. 2006). No reasonable correctional official could have believed there was a legitimate penological justification for a blanket ban on *all* books, magazines, and newspapers sent to inmates in the Jail. ECF 16-5 at 15.2(IV)(B)(5) (stating books, magazines, and newspapers "sent to inmates

4

from external sources *will not be accepted*.") (emphasis added).  Indeed, the Supreme Court has signaled that it is wary of blanket bans.  *Thornburgh*, 490 U.S. at 416 (favorably citing individual determinations of the permissibility of magazines by prison officials).Thus, McDonough should have known about those rights and is not entitled to qualified immunity with respect to HRDC's First Amendment claim.

A consensus of case law from other jurisdictions reinforces the clearly established unconstitutional nature of the Jail's Mail Policy.  *See Feminist Majority Found. v. Hurley*, 911 F.3d 674, 704 (4th Cir. 2018) (stating "[w]hen performing the clearly established assessment . . . [i]f there is no controlling authority, we may look to a consensus of cases of persuasive authority from *other jurisdictions*, if such exists.") (citation and internal quotation marks omitted).  Significantly, courts across the country have determined the unconstitutionality of a blanket ban on magazines and newspapers—like the one at issue here—is clearly established.  *See, e.g.*, *Thomas v. Leslie*, 176 F.3d 489, at *7 (10th Cir. 1999) (finding an "absolute ban on newspapers does not constitute a valid, rational connection between the prison regulation and the legitimate governmental interest put forth to justify it." (citation and internal quotation marks omitted)); *Kincaid v. Rusk*, 670 F.2d 737, 744 (7th Cir. 1982) (wholesale prohibition cannot be justified by need for maintaining security and discipline); *Mann v. Smith*, 796 F.2d 79, 82 (5th Cir. 1986) (ban on newspapers and magazines represents exaggerated response to legitimate need to preserve discipline and maintain security); *Prison Legal News v. Babeu*, 933 F. Supp. 2d 1188, 1205 (D. Ariz. 2013) (finding blanket ban on newspapers and magazines "violated clearly established constitutional law").  Given this consensus, McDonough should have been on notice the Jail's Mail Policy was unconstitutional.

5

McDonough's reliance on *Human Rights Defense Center v. Southwest Virginia Regional Jail Authority* actually *supports* HRDC's argument that she is not entitled to qualified immunity. In that case, the Western District of Virginia held a blanket magazine ban prohibiting prisoners from ordering or accessing magazines, and a policy prohibiting incoming books except those for which an inmate obtains preapproval, violated HRDC's First Amendment rights. *Sw. Va. Reg'l Jail Auth.*, 396 F. Supp. 3d at 621, 624. Although that court found the Jail Authority's superintendent was entitled to qualified immunity as to HRDC's First Amendment claim, the policy in *Southwest Virginia Regional Jail Authority* (which was found to be unconstitutional) was *less* restrictive than the one here. In that case, the Jail Authority prohibited prisoners from ordering or accessing magazines, and from ordering newspapers, but permitted them to order books from publishers or retailers through a preapproval process. *Id.* at 612–13. Here, the Jail does not provide inmates with *any* way to obtain these types of publications, including a preapproval process (erecting the kind of blanket ban that the Supreme Court indicated it disfavors—*see supra Thornburgh*, 490 U.S. at 416).[3] Based on the authority cited above, McDonough should have been on notice the Jail's even more restrictive policy banning all books, magazines, and newspapers was clearly unconstitutional (and the decision in *Southwest Virginia Regional Jail Authority* could only have served to reinforce that to any reasonable official). McDonough should not receive qualified immunity from HRDC's First Amendment claim. Moreover, even in the event this Court does find McDonough entitled to qualified

---

[3] Additionally *Beard v. Banks*, upon which the court in *Southwest Virginia Regional Jail Authority* relied, is also distinguishable because the prison regulation that was upheld restricting all access to newspapers, magazines, and photographs in that case only applied to "a group of specially dangerous and recalcitrant inmates." *Beard v. Banks*, 548 U.S. 521, 524–25 (2006). In the present matter, the Jail's policy prohibiting incoming books, magazines, and newspapers applies to all inmates, regardless of their good behavior.

immunity with respect to damages, qualified immunity is inapplicable to HRDC's claims against her for declaratory and injunctive relief. *Pearson v. Callahan*, 555 U.S. 212, 242 (2012).

> **B. Prince George's County, Maryland Should Not Be Substituted as the Real Party in Interest Because McDonough Was Sued In Both Her Individual and Official Capacity**

It is not appropriate to substitute Prince George's County, Maryland as the real party in interest for claims against McDonough or other Jail staff because they were sued in *both* their individual and official capacities. (ECF 1 (naming McDonough as a defendant "individually and in her official capacity" and naming "JOHN AND JANE DOES 1-10, Staff, individually and in their official capacities"; *see also* ¶¶ 9, 10.)

*Snowden v. Prince George's County Department of Corrections*, 2018 WL 3862253, at *1 (D. Md. Aug. 14, 2018), provides a useful comparison. There, McDonough was sued only in her official—not her individual—capacity, and under those circumstances, this Court agreed to dismiss claims against the "Official Capacity Defendants" in the interests of judicial economy. *Id*. at *3. Also unlike in this case, in *Snowden* it was "*undisputed* that the real party in interest is the County." *Id*. (emphasis added).

To be individually liable under 42 U.S.C. § 1983, an individual "must have had personal knowledge of and involvement in the alleged deprivation of appellant's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). HRDC alleges McDonough is the Director of the Prince George's County Department of Corrections; is employed by and is an agent of Defendant County; has ultimate responsibility for the promulgation and enforcement of all Jail policies, practices, and procedures; and is responsible for the overall management of the Jail, including the policies, practices, and procedures relating to mail and the reading material that is available to prisoners. (ECF 1 ¶ 9.) Similarly, HRDC alleges each of the Doe defendants "were personally involved in the adoption and/or implementation of the publications and mail policies

at the Jail." (ECF 1 ¶ 10.)  Significantly, in their Answer, Defendants appear to admit—or at the very least do not deny—that they, and other agents of the Jail, are responsible for or personally participated in creating and implementing the policies, practices, and customs of the Jail, or for ratifying or adopting them.  (*Compare* ECF 1 ¶ 27, *with* ECF 20 ¶ 27.)

HRDC's claims against McDonough and the Doe defendants in their individual capacities are facially plausible and therefore sufficient to survive a motion to dismiss.  *See Owens*, 767 F.3d at 388 ("At this stage in the proceedings, we 'accept as true all of the factual allegations contained in the complaint,' and 'draw all reasonable inferences in favor of the plaintiff.'") (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).  However, even if HRDC had only named McDonough and the Doe defendants in their official capacities, public policy still demands they remain in the case.  In *Chase v. City of Portsmouth*, 428 F. Supp. 2d 487 (E.D. Va. 2006), for instance, the court denied a motion to dismiss brought by City Council members sued only in their official capacities.  As the court explained:

> While Supreme Court precedent shows that there is, in effect, no difference between suing the City and suing the City Council Members in their official capacities, that precedent does not require the district courts to dismiss the claims against the Council Members.  Motions to dismiss under Rule 12(b)(6) test the validity of a complaint.  Simply because a claim is redundant does not necessarily mean that the complaint is invalid.

*Id*. at 489 (citing *Brandon v. Holt*, 469 U.S. 464, 471–73 (1985)).  Instead, the court held that keeping the Council members as named parties in the suit served an important public benefit because "where elected officials are alleged to have violated federal laws protecting a local constituency, public accountability is of utmost importance." *Id*. at 490.  Additionally, the court held that including the Council members as defendants gave them the opportunity to participate fully in the defense of their actions, and did not present any substantial burden. *Id*.  Although

8

McDonough is not an elected official, she occupies the top position in a public agency. Just as in *Chase*, denying McDonough's Motion to Dismiss "may provide [HRDC] with the public accountability they seek if they succeed on the merits." *Id.*

## IV. CONCLUSION

In the final analysis, HRDC has sued Ms. McDonough in her individual capacity for due process violations for which qualified immunity has not been claimed, and could not be granted in any event, and that alone should be the end of the discussion on dismissal or substitution. She is likewise not entitled to qualified immunity on HRDC's First Amendment claim on which she has also been sued in her individual capacity, and even if she was, that would gain her immunity only from damages, not declaratory and injunctive relief—which also means dismissal and/or substitution is improper.

For these and all of the foregoing reasons, HRDC respectfully requests that the Court deny Defendant McDonough's Motion to Dismiss in its entirety.

Dated: May 26, 2020

Respectfully submitted,

/s/ *Courtney T. DeThomas*
Ronald G. London, D. Md. Bar No. 16846
Courtney T. DeThomas, D. Md. Bar No. 21248
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave. NW, Suite 800
Washington, DC 20006
Telephone:  (202) 973-4235
Facsimile:  (202) 973-4435
ronnielondon@dwt.com
courtneydethomas@dwt.com

Daniel Marshall, Fla. Bar No. 617210*
HUMAN RIGHTS DEFENSE CENTER
P.O. Box 1151
Lake Worth, FL 33460
Telephone:  (561) 360-2523
Facsimile:  (866) 735-7136
dmarshall@hrdc-law.org
*Pro hac vice*

*Attorneys for Plaintiff*
*Human Rights Defense Center*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2020, a true and correct copy of the foregoing was served electronically by the U.S. District Court for the District of Maryland Electronic Document Filing System (ECF) on the parties of record.

/s/ *Courtney T. DeThomas*

4817-1090-4253v.1 0200513-000027